Brian Cody King
Plantiff
vs.
Sergeant FNU Hansley
officer FNU cook
officer FNU Isibail
Defendants

United States district Court
Western District of North Carolina
Statesville Division

Complaint
Case no.
5:26-cv-49-MR



FILED
Statesville, NC
MAR 0 2 2026
Clerk, US District Court
Western District of NC

A. Jurisdiction

Jurisdiction is proper in this Court according to:

- 42 U.S.C § 1983
- Supplemental Jurisdiction

B. Parties

1.) Name of Plantiff/Address:

Brian Cody King
1300 western Blvd.
Raleigh, NC 27606

2.) Name of Defendant/Address:

FNU Hansley
633 old Landfill rd.
Taylorsville, NC 28681

Is employed as sergeant at Alexander Correctional Institution (NCDAC) was acting under the authority or Color of State law at the time these Claims occured. During the relevant time period of this action Sergeant Hansley was an employee at Alexander Correctional Institution who was on duty during the event which this action is based.

3.) Name of Defendant/Address:

FNU Cook
633 old Landfill rd.
Taylorsville, NC 28681

IS employed as officer at Alexander Correctional Institution (NCDAC) was acting under the authority or Color of State law at the time these claims occured. During the relevant time period of this action officer Cook was an employee at Alexander Correctional Institution who was on duty during the event which this action is based.

4.) Name of Defendant/Address:

FNU Isibail

633 old Landfill rd.

Taylorsville, NC 28681

IS employed as officer at Alexander Correctional Institution (NCDAC) was acting under the authority or color of state law at the time these claims occured. During the relevant time period of this action officer Isibail was an employee at Alexander Correctional Institution who was on duty during which the action is based.

C. Nature of Case

Why are you bringing this case to Court? Please explain the circumstances that led to the Problem?

- Eighth Amendment Cruel and unusual punishment; Excessive force violation (Against defendant Hansley and Defendant Cook) (Im a Convicted-State prisoner)
- Eighth Amendment Cruel and unusual punishment; failure to intervene violation (Against defendant Isibail) (Im a Convicted State prisoner)
- Supplemental Jurisdiction of state Battery charges (Against defendant Hansley and defendant Cook)

At Alexander Correctional Institution on July 22 2025 Around 4:45 I was placed in restrictive housing units cell block 1, this cell had feces all over the walls. I informed Custody Staff and requested that a Janitor be called to clean the cell. I made the request to Custody Staff that a Janitor be called to clean the cell several times to no avail. Cell 1 in restrictive housing unit H is a Camera cell that is monitored by Staff to ensure inmates dont Commit suicide, I intentionally covered the camera to get the officer-in-charge (O.I.C) to fix the issue of the cells condition. I was cursed at, threatened at, then pepper sprayed by Staff for covering the cells camera. I was put in the decontamination shower, where I took a shower to remove the pepper spray. Lieutenant Johnson, the O.I.C, told custody officer Cook, Isibail, and Sergeant Hansley to call the Janitor to clean my cell, He took a picture of me after I was placed in full restraints and then he left the cell block.

After Lieutenant Johnson left sergeant Hansley, officer Cook and Isibail put me back in the cell without the [illegible] the feces due to having not been called per the Lieutenants order. I was walked to my bed by them and told to remain there untill they left out the Cell and secured me in the cell by closing the cell door. I told them that the

Lieutenant ordered them to call the Janitor to clean the feces from my cell and that I had the right not to live in a cell covered in feces.

Custody staff exited the cell and closed the cell door, I went to the cell door and held the cell door food trap open, it had yet to be closed by custody staff. Custody staff reopened the cell door and pushed me back to the bed. Sergeant Hansley said "Dont get up and you better not hold that food trap door open again or we are going to fuck you up". I responded "I dont want any trouble, I just want the Janitor to clean the feces, who would want to live in a room covered in feces". Custody staff exited the cell and closed the cell door, I went to the cell door and held the food trap open again for the second time, it had still not been closed by custody staff.

Sergeant Hansley said "okay King, we are going to put you in the shower untill the Janitor cleans your cell". I removed my hands off the food trap. Custody staff opened my cell door, then instead of placing me in the shower which is to my left when I exit the cell and face the shower area, Sergeant Hansley and officer Cook and Isibail took me off camera to a blind spot, an area that can not be seen by a cell blocks video camera, where custody staff (Sergeant Hansley and officer Cook) began to use unprovoked, unnecessary force on me while I was in full restraints (leg shackles and handcuffs) posing no threat, being fully compliant. (there is a cabinet where inmates hygiene items are stored on my right when I exit the cell and face shower area) That area becomes a blind spot when a officer stands between the cameras veiw and cabinet area. (this is where I was took).

Sergeant Hansley smacked the left side of my face and my head smacked off a door, I fell down to my knees, officer Cook started choking me by the throat with his hands. (this lasted for over a minute) officer Isibail was observing trying to block the cell blocks [illegible]ing between the [illegible] cabinet area, where the ongoing use of force was occurring saying to Sergeant Hansley and officer

Cook "Didnt we say we were gonna fuck you up if you hold that food trap again" then Saying "Yeah Fuck him up". Sergeant Hansley punched me 4 or 5 times Cussing me. I began to bleed profusely, Custody Staff stopped and took me out of the cell block to the nurse Station. The unprovoked unnecessary use of force caused serious injury. I required and received multiple stitches to close the wound to my eyebrow, I also Suffered a black eye, busted lip, concussion, and facial swelling (in addition mental anxiety and depression)

The Custody officers lied and said I headbutted a door. Lieutenant Johnson took a Picture of my face in medical then told me if I wrote a Statement concerning the use of force against me custody Staff would lie and it would be worse on me.

I Certify under penalty of perjury all I wrote is true and accurate.

Brian King 2/15/26
Brian Cody King
1300 western Blvd.
Raleigh, NC 27606

## D. Cause of Action

I allege that my Constitutional rights, privileges, or immunities have been violated and that the following facts form the basis for my allegations:

(Sergeant Hansley) Count 1:

a. (1.) Eighth Amendment Cruel and unusual punishment Excessive force violation.
(2) Sergeant Hansley slapped then punched me 4 or 5 times while I was in full restraints (leg shackles and handcuffed) posing no threat being fully compliant; this was an unprovoked unnecessary use of force, as such it was a malicous and Sadist use of force that violated my eighth Amendment right to be free from cruel and unusual punishment. As a direct result of that force I Suffered serious injury.

(officer Cook) Count 2:

B. (1.) Eighth Amendment Cruel and unusual Punishment Excessive force violation.
(2.) officer Cook choked me by the throat with his hands for over a minute while I was in full restraints (leg shackles and handcuffed) posing no threat being fully compliant; this was an unprovoked unnecessary use of force as it was malice and sadist use of force that

violated my eighth amendment right to be free from cruel and unusual punishment, As a direct result of that use of force I suffered serious injury.

(officer Isibail) Count 3:

C. (1.) Eighth Amendment cruel and unusual punishment; failure to intervene violation

(2.) officer Isibail Knew my constitutional right to be free from cruel and unusual punishment was being violated observing Sergeant Hansley slap, then punch me 4 or 5 times while I was in full restraints (Leg shackles and handcuffed) posing no threat being full compliant, He had a duty to stop/intervene during an excessive use of force but chose not to despite having time to do so, instead of saying "stop", he encouraged the excessive use of force saying "Yeah Fuck him up". This violated the eighth amendment, as a direct result of that failure to intervene I suffered serious injury.

(officer Isibail) Count 4:

D. (1.) Eighth amendment violation cruel and unusual punishment failure to intervene.

(2.) officer Isibail Knew My Constitutional right to be free from cruel and unusual punishment was being violated observing officer Cook choke me by my throat with his hands for over a minute while I was in full restraints (leg shackles and handcuffed) posing no threat, being fully compliant, he had the duty to stop/intervene during an excessive use of force but choose not to despite having the time to do so, instead of saying "stop", he encouraged the excessive use of force by saying "Yeah fuck him up". This violated the eighth amendment, As a direct result of that failure to intervene I suffered serious injury.

(Sergeant Hansley) Count 5:

E. (1.) State Battery Law Violation

(2.) Sergeant Hansley slapped, then punched me 4 or 5 more times while I was in full restraints (leg shackles and handcuffed) posing no threat being fully compliant; this was not consented to by me as such it violated North Carolinas state battery Law.

I suffered serious injury as a direct result of that battery.
(officer Cook) Count 6:
F. (1.) State battery Law Violation
(2.) officer Cook Choked me by my throat with his hands for over a minute while I was in full restraints (leg shackles and handcuffed) posing no threat, being fully compliant, this was not consented to by me as such it violates the North Carolina's state battery law. I suffered serious injury as a direct result of that battery.

## E. Injury

- wound to the eyebrow required multiple stitches to close.
- Black eye
- Busted lip
- Concussion
- Facial swelling
- Mental Anxiety
- Depression
- Pain and Suffering
- Humiliation

## F. Previous Lawsuits and Administrative releif:

I have filed another lawsuit with the same facts that are involved in this action.
1.) Parties to Previous lawsuit:
Plantiff: Brian Cody King
Defendant: North Carolina Deptartment of Adult Corrections.
2.) Name of Court and case or docket number:
Industrial Commission TA-032876
3.) Disposition: Its still pending (as far as I know)
4.) Issue raised: Negligence to my Safety and Security
5.) when did you file the lawsuit? September 2025
6.) when will it be decided? unsure

Have you previously sought informal or releif from the appropiate administrative officials reguarding the acts complained of in part D? Yes

If the answer is "Yes" breifly describe how releif was sought and the results.

I untilized the North carolina department of Adult corrections Administrative remedy procedure, I exhausted the administrative remedy procedure Concerning the events which this action is based with grievance #3100-2025-MSWB1-30080. This grievance was appealed through to Step 3 where the grievance examiner addressed my allegations of the event which this action is based. A prior grievance, grievance #3100-2025-BBKL2-29873, Concerning the events which this action is based was blocked access to the North Carolina department of Adult Corrections Administrative remedy procedure when a prison official Checked agree instead of appeal as I instructed to appeal. Then put unable to sign in the space where my Signature was to be; this made the grievance process "unavailable" for grievance #3100-2025-BBKL2-29873.

I certify this is true and accurate under the penalty of Perjury.

Brian King 2-15-26
Brian Cody King
1300 western Blvd.
Raleigh, NC 27606

## G. Request for releif

I beleive im entitled to the following releif:

1.) Compensary damages, jointly and severally, against each defendant in the amount of $100,000.

2.) Punitive damages against defendant Hansley for his malice and Callous disregard of my health/safety in the amount of $100,000.

3.) Punitive damages against defendant Cook for his malice and Callous disregard of my

health/safety in the amount of $100,000.

4.) Punitive damages against defendant Isibail for his malice and callous disregard of my health/safety in the amount of $100,000.

5.) Any other relief the Court deems just.

Jury trial requested: Yes

Signed at Central Prison on 2-15-26 Brian King

Brian Cody King
1300 western Blvd.
Raleigh, NC 27606

Certificate of Service

I hereby Certify that a Copy of the foregoing document was mailed/delivered to the following individuals at the address's listed:

Clerk of Court
Statesville Division office
200 W. Broad St. RM. 303
Statesville, NC 28677

Clerk of Court
western District of NC
401 west trade St.
Charlotte, NC 28202

This the 15 day of Febuary, 2026

Brian King
Brian Cody King