IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO.: 5:26-cv-00049-MR

| | | |
|---|---|---|
| BRIAN CODY KING,<br><br>Plaintiff,<br><br>v.<br><br>FNU HANSLEY, et al.,<br><br>Defendants. | ) | **ANSWER AND AFFIRMATIVE DEFENSES** |

**NOW COME** Defendants Christopher Hansley, Timothy Cook, and Pakissa Isbell, by and through undersigned counsel, answer and respond to Plaintiff Brian Cody King's Amended Complaint [D.E. 5] as follows:

**ANSWERS TO NUMBERED PARAGRAPHS OF FORM COMPLAINT**

**A. JURISDICTION**

To the extent an answer is required to this section of the Form Complaint, there are no allegations directed to Defendants, and the allegations constitute legal conclusions; therefore, no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983 and a request for This Court to exercise supplemental jurisdiction over additional claims. Except as admitted to herein, the allegations contained herein, are denied.

**B. PARTIES**

Answering Section B, Parties, it is admitted that Plaintiff is Brian Cody King. Upon information and belief, Plaintiff's address at the time this Complaint was filed was 1300 Western Blvd Raleigh, NC 27606. Defendants Hansley, Cook, and Isbell were employed in various capacities at the Alexander Correctional Institution through the North Carolina Department of Adult Corrections at all times relevant to this matter. Except as admitted to herein, the allegations contained herein, are denied.

## C. NATURE OF CASE

Answering Section C, Nature of Case, Defendants deny the allegations that are directed against them. Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as admitted to herein, the allegations contained herein, are denied.

## D. CAUSE OF ACTION

Answering Section D, Cause of Action, Defendants deny the allegations that are directed against them. Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. It is admitted pepper spray was administered during an encounter with Plaintiff; however, it is denied that the administration of the same was in violation of Plaintiff's constitutional rights or in a manner that is inconsistent with the policies of the institution. It is admitted Plaintiff sustained physical injury

during his encounter with staff; however, it is denied these physical injuries were sustained due to any excessive force on the part of Defendants. By way of further explanation, these injuries were sustained as a result of Plaintiff banging his head against the wall. Except as specifically admitted herein, the allegations in Section D, Nature of Case, are denied.

Answering Plaintiff's numbered paragraphs, Defendant(s) answer as follows:

a. Sergeant Hansley

   1. Count 1: This paragraph purports to be Plaintiff's legal assertion of alleged constitutional rights violations, and makes no allegations directed at Defendant Hansley, therefore no response is required. To the extent a response is required, it is denied.
   2. Denied.

b. Officer Cook

   1. Count 2: This paragraph purports to be Plaintiff's legal assertion of alleged constitutional rights violations, and makes no allegations directed at Defendant Cook, therefore no response is required. To the extent a response is required, it is denied.
   2. Denied.

c. Officer Isibail (Isbell)

   1. Count 3: This paragraph purports to be Plaintiff's legal assertion of alleged constitutional rights violations, and makes no allegations

directed at Defendant Isbell, therefore no response is required. To the extent a response is required, it is denied.

2. Denied.

d. Officer Isibail (Isbell)

    1. Count 4: This paragraph purports to be Plaintiff's legal assertion of alleged constitutional rights violations, and makes no allegations directed at Defendant Isbell, therefore no response is required. To the extent a response is required, it is denied.

    2. Denied.

e. Count 5:

    1. This paragraph purports to be Plaintiff's legal assertion of alleged constitutional rights violations, and makes no allegations directed at Defendant Hansley, therefore no response is required. To the extent a response is required, it is denied.

    2. Denied.

f. Count 6:

    1. This paragraph purports to be Plaintiff's legal assertion of alleged constitutional rights violations, and makes no allegations directed at Defendant Cook, therefore no response is required. To the extent a response is required, it is denied.

    2. Denied.

## E. INJURY

Answering Section E, Injury, it is admitted Plaintiff sustained physical injuries on the dates relevant to this complaint, however, it is denied the injuries were caused by excessive force of Defendants, or by Defendants at all as they appear self-inflicted. Except as admitted herein, the allegations in Section E, Injury, are denied.

## F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Answering Section F, Previous Lawsuits and Administrative Relief, there are no allegations directed to Defendants; therefore, no response is required. To the extent a response is required, it is denied. Section F is specifically denied to the extent that it asserts or implies that Plaintiff has not exhausted his three strikes pursuant to relevant law. It is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Section F is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendants. Except as admitted herein, the allegations in Section F, Previous Lawsuits and Administrative Relief, are denied.

## G. REQUEST FOR RELIEF

Answering Section G, Request for Relief, Defendants deny that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought

by Plaintiff herein against them. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Defendants. Except as specifically admitted herein, the allegations in Section VII, Relief, are denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT [D.E. 5], INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN SUPPLEMENTS, EXHIBITS, AND ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFF AND AS FURTHER DEFENSES THERETO, ANSWERING DEFENDANTS PLEAD THE FOLLOWING:**

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiff's claims against them.

## SECOND DEFENSE

To the extent Plaintiff seeks to recover money damages from Defendants in his official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

## THIRD DEFENSE

Qualified immunity shields Defendants in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendants did not

violate any clearly-established constitutional rights of which a reasonable person would have known.

**FOURTH DEFENSE**

Defendants deny that they deprived Plaintiff of any right under the Constitution of the United States or other federal law. Plaintiff has failed to allege facts to support a finding that Defendants subjected them to a violation of Plaintiff's rights under the Constitution of the United States or other federal law. Plaintiff's Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege a violation of either the Constitution of the United States or other federal law by Defendant.

**FIFTH DEFENSE**

No act or failure to act by Defendants was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

**SIXTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendants required to support a claim for punitive damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act. Plaintiff was required to exhaust his administrative remedies with the NCDPS/NCDAC in accordance with the Division of Prisons, Administrative Remedy Procedure ("ARP") policy, Chapter G, §.*0300 et seq*. Defendants specifically plead Plaintiff's failure to exhaust all administrative remedies as a defense to all applicable claims asserted in this action. Defendants reserve the right to move to dismiss Plaintiff's Complaint for failure to exhaust the available administrative remedies pursuant to the NCDPS/NCDAC ARP. Likewise, Defendants reserve the right to move to dismiss Plaintiff's Complaint pursuant to the Three Strikes Provision 28 U.S.C. § 1915(g).

**EIGHTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendants, as state employees, while acting within the course and scope of his employment with the NCDPS/NCDAC.

**NINTH DEFENSE**

Defendants affirmatively assert that they engaged in good faith efforts to comply with the law. To the extent that a reasonable accommodation could not be made, Defendants specifically pleads the affirmative defense of undue hardship.

**TENTH DEFENSE**

To the extent that any injuries or damages did arise out of the facts alleged by

Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his damages, and Defendants plead such failure as a bar to, or requiring a reduction of, Plaintiff's alleged damages.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and claim preclusion to the extent Plaintiff filed another lawsuit dealing with the same alleged facts involved in this action.

**TWELTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to allow Defendants to determine all potentially applicable defenses at this time and, as such, Defendants reserve the right to amend this Answer to include further defenses.

**WHEREFORE,** having responded to the allegations of Plaintiff's Complaint [D.E. 5], and having asserted the above-noted defenses and immunities, Answering Defendants pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Answering Defendants in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For a trial by jury of all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 13th day of August 2026.


**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ J. Michelle Sawyer
J. Michelle Sawyer
Assistant Attorney General
N.C. State Bar No. 59745
N.C. Department of Justice
P.O. Box 629
Raleigh NC 27602-0629
Telephone: (919) 716-6529
Facsimile: (919) 716-6761
E-mail: msawyer@ncdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

Brian Cody King

#1350718

1300 Western Blvd

Raleigh, NC 27606

This the 13th day of August 2026.

/s/ J. Michelle Sawyer
J. Michelle Sawyer
Assistant Attorney General